UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CECILLE KILAYKO-GULLAS,

                Plaintiff,

        -against-

EAST END TEMPLE,

                Defendant.

1:20-CV-5690 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who appears *pro se*, brings this action under the Court's federal-question jurisdiction. She sues the East End Temple, of New York, New York, and she alleges that it violated her "constitutional right to worship in any house of worship." (ECF 2, at 2.) She seeks unspecified relief. The Court construes Plaintiff's complaint as asserting claims of violations of her federal constitutional rights under 42 U.S.C. § 1983. By order dated August 19, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action, but grants Plaintiff leave to file an amended complaint within 30 days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff makes the following allegations in her complaint: On September 27, 2019, Plaintiff visited the East End Temple "to join [its] congregation . . . to pray." (ECF 2, at 5.) But a security guard assigned to the temple prohibited Plaintiff from entering. Plaintiff gave the security guard the bag she was carrying so that he could inspect it; the guard found nothing in it that would prohibit Plaintiff from entering the temple. The guard then told Plaintiff that the

temple's "services are just for Jewish people." (*Id.*) Plaintiff told him that she had read a notice published in a newspaper that "stated that the 'community was invited to worship'" in the temple. (*Id.*) The security guard told Plaintiff that she could not enter the temple because she is not Jewish. The security guard discriminated against Plaintiff because she is Asian, and he violated her "First Amendment right to Freedom of Worship." (*Id.*)

## DISCUSSION

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not state actors, and are therefore not usually liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted). Courts within this Circuit have recognized, however, that a private security guard may act as a state actor if he or she has been granted certain police powers by the state or local government. *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) (private department store did not dispute the district court's holding that the department store's security guard was a state actor because he was employed by the store as a Special Police Officer under the New York City Administrative Code); *e.g.*, *Brooks v. Santiago*, No. 93-CV-0206, 1994 WL 529865, at *1 (S.D.N.Y. Sept. 28, 1994) (noting that "where the private security officer bears some additional imprint of public authority, his conduct may constitute state action") (citing cases). But

"[p]rivate employers are not liable under § 1983 for the constitutional torts of their employees unless the plaintiff proves that 'action pursuant to official . . . *policy* of some nature caused a constitutional tort.'" *Rojas*, 924 F.2d at 408. (citations omitted, emphasis in original).

Plaintiff sues the East End Temple, a private religious institution. But she alleges no facts suggesting that the security guard or the institution itself was acting as a state actor when the security guard prohibited her from entering the temple. And even if the security guard was acting as a state actor, Plaintiff alleges no facts suggesting that the security guard prohibited her from entering the temple due to a policy of his employer, which the Court assumes, for the purpose of this order, is the East End Temple. The Court therefore dismisses Plaintiff's claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Clark v. Tosco Corp.*, No. 3:00-CV-1016, 2000 WL 33116539, *1 (D. Conn. Oct. 17, 2000) (dismissing claims under § 1983 against churches because "the plaintiff has failed to allege that any of [the] churches . . . who are defendants in this action are state actors or that any one of them participated in a conspiracy that might transform private persons into state actors"); *see also Koulkina v. City of New York*, 559 F. Supp. 2d 300, 322 (S.D.N.Y. 2008) (church pastor did not act as a state actor when he directed church employees "to remove plaintiffs and their belongings from the church's premises").

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which she names as a defendant the security guard who prohibited her from entering the temple, *see Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (personal-involvement requirement for § 1983 liability), and alleges facts showing how the guard acted as a state actor. If Plaintiff also asserts claims under § 1983 against the security guard's employer,

4

she must allege facts showing that she suffered a violation of her constitutional rights due to a policy of that employer.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). But the Court grants Plaintiff 30 days' leave to file an amended complaint as specified in this order. If Plaintiff fails to comply with this order within the time allowed, the Court will enter judgment dismissing this action for failure to state a claim on which relief may be granted. *See id.*

SO ORDERED.

Dated: August 20, 2020
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.