UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CECILLE KILAYKO-GULLAS,

               Plaintiff,

          -against-

EAST END TEMPLE,

               Defendant.

1:20-CV-5690 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      By order dated August 20, 2020, the Court dismissed this action, in which Plaintiff appears *pro se* and proceeds *in forma pauperis*, for failure to state a claim on which relief may be granted. (ECF 4.) In her original complaint, Plaintiff asserted claims that the defendant, the East End Temple ("the Temple"), a private Jewish religious institution, violated her federal constitutional rights. The Court construed those claims as brought under 42 U.S.C. § 1983 (*id.* at 1), and determined that Plaintiff alleged no facts showing that the Temple acted as a state actor for the purpose of Plaintiff's claims under § 1983 (*id.* at 4).

      The Court granted Plaintiff leave to file an amended complaint in which she named as a defendant the security guard who prohibited her from entering the Temple, and alleged facts showing how the guard acted as a state actor. (*Id.*) The Court also granted Plaintiff leave to amend her complaint to allege facts sufficient to state a claim under § 1983. (*See id.* at 4-5.)

      On September 14, 2020, Plaintiff filed a letter requesting an extension of time to file an amended complaint (ECF 5), which the Court granted the next day (ECF 6). But on the same date that Plaintiff filed her letter (September 14, 2020), Plaintiff also filed a submission that she styles as an "amended complaint" (ECF 7); it was not entered on the Court's docket until September 16, 2020, one day after the Court granted Plaintiff an extension of time. Also on

September 16, 2020, Plaintiff filed an "amendment to [her] amended complaint." (ECF 8.) In both of Plaintiff's amended submissions, she names the Temple as the sole defendant. The Court construes those submissions as one amended complaint filed in response to the Court's August 20, 2020 order. For the reasons discussed below, however, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court

must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

In her amended complaint, Plaintiff asserts that the Temple, a private Jewish religious institution, violated her federal constitutional rights and was negligent when one of its security guards, who is a Special Police Officer under the New York City Administrative Code, prohibited her from entering the Temple to worship because she is not Jewish. The Court construes Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1983 that the Temple violated her constitutional rights, as well as claims under state law.

**A.     Claims under § 1983**

The Court must dismiss Plaintiff's claims under § 1983. A claim for relief under § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not state actors, and are therefore not usually liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted).

Plaintiff names the Temple, a private Jewish religious institution, as the sole defendant in her amended complaint. But she alleges no facts suggesting that the Temple violated her constitutional rights. Plaintiff, who is not Jewish, asserts that she has a right to worship in the Temple. (*See* ECF 8, at 4-5.) Plaintiff is mistaken. There is no right for individuals to exercise their First Amendment rights on private property owned by others. *See Hudgens v. NLRB*, 424 U.S. 507, 520-21 (1976) ("the constitutional guarantee of free expression has no part to play" in incidents involving speech activities on private property unless the property has been wholly "dedicat[ed] . . . to public use") (citation and internal quotation marks omitted); *Kalfus v. New York & Presbyterian Hosp.*, 476 F. App'x 877, 879 (2d Cir. 2012) (summary order) ("[T]he First Amendment does not prevent a property owner from restricting press access to private property."). Nor does she allege any facts suggesting that the Temple was acting as a state actor when one of its security guards prohibited her from entering the Temple.[1] The Court therefore dismisses Plaintiff's claims under § 1983 against the Temple for failure to state a claim on which relief may be granted.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff appears to allege that the Temple has a policy of discriminating against individuals who are not Jewish by prohibiting them from worshiping within the Temple. She also appears to assert that this policy violates her federal constitutional rights. But the Constitution regulates state actors, not private parties, *See West*, 487 U.S. at 48-49; *Ciambriello*, 292 F.3d at 323. Thus, because the Temple is a private institution, and not a state actor, it did not violate any of her constitutional rights when it prohibited her from entering the Temple.

[2] A private security guard may be considered a state actor if he or she exercises certain police powers granted by the state or local government, such as the power to make an arrest. *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) (on appeal, private department store did not dispute district court's holding that the department store's security guard, who was a Special Police Officer under the New York City Administrative Code, and who illegally arrested plaintiff, was a state actor). Private employers of "quasi-public" officers are, however, like municipalities, only "liable under § 1983 for the constitutional torts of their employees [when] the plaintiff proves that 'action pursuant to official . . . *policy* of some nature caused a constitutional tort.'" *Id.* (citations omitted, emphasis in original).

**B.      Claims under state law**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff is asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action.

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

In light of this precedent, in its August 20, 2020 order, the Court granted Plaintiff leave to file an amended complaint in which she (1) named as a defendant the security guard who prohibited her from entering the Temple, (2) alleged facts showing how the guard acted as a state actor, and (3) alleged facts sufficient to state a claim under § 1983. (*See* ECF 4, at 4-5.) In her amended complaint, Plaintiff mentions the Temple's security guards and alleges that they are Special Police Officers under the New York City Administrative Code, but she does not name any of them as a defendant. She also fails to allege any facts suggesting that any of the Temple's policies caused a violation of her constitutional rights.

The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated:   October 26, 2020
        New York, New York

                                                          *Louis L. Stanton*
                                                       Louis L. Stanton
                                                          U.S.D.J.